UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JESSE R ABRAMS,

              Plaintiff,

v.

CHAD M ENRIGHT,

              Defendants.

Case No. C22-5731 RAJ-TLF

ORDER TO SHOW CAUSE

This matter comes before the Court on plaintiff's filing of a civil rights complaint, and plaintiff is a *pro se* litigant. Considering the deficiencies in the complaint discussed below, the undersigned will not rule on plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") or direct service of the complaint at this time. On or before November 7, 2022, plaintiff must show cause why this cause of action should not be dismissed.

## BACKGROUND

Plaintiff, a pretrial detainee confined at the Kitsap County Jail, filed this 42 U.S.C. § 1983 action on September 30, 2022. Dkt. 1-1. Plaintiff names as defendant Kitsap County Prosecuting Attorney Chad Enright. Plaintiff states that Mr. Enright violated the Fair Housing Act, his right to a speedy trial, and his rights under the Americas with Disabilities Act.

Specifically, plaintiff claims that Mr. Enright told federal investigators that plaintiff threatened his life, and consequently, plaintiff lost his job and his housing. *Id.* at 9.

ORDER TO SHOW CAUSE - 1


Further, plaintiff claims that Mr. Enright had plaintiff "jailed over mental issues and kept him incarcerated well after the speedy trial time expired" in a previous case. *Id.* at 11. As a result, plaintiff is angry and believes that he's been slandered. *Id.* at 12. Finally, plaintiff claims that Mr. Enright is preventing plaintiff from obtaining legal representation currently and is "protecting" the Bremerton police officers. *Id.* at 12. Plaintiff seeks to have Mr. Enright removed as a prosecutor and to serve time. *Id.* at 14. He also seeks an unspecified amount of monetary damages. *Id.*

## DISCUSSION

The Court must dismiss the complaint of a prisoner "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted"' or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997); *see also Sparling v. Hoffman Constr. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). Leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

Prosecutors are entitled to absolute immunity from liability for damages under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). Prosecutorial immunity protects a prosecutor who "acts within his or her authority and in a quasi-judicial capacity." *Ashelman v. Pope,* 793 F.2d 1072, 1076 (9th Cir. 1986) (*citing Imbler*, 424 U.S. at 430–31). "Such immunity applies even if it leaves 'the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty.'" *Id.* (*quoting Imbler*, 424 U.S. at 427).

When prosecutors perform functions that fall into administrative or investigative categories, but not advocacy, those functions are not covered by absolute immunity. *Fletcher v. Kalina,* 93 F.3d 653, 655 (9th Cir.1996). To determine whether an action was judicial, administrative, or investigative, "[w]e look at 'the nature of the function performed, not the identity of the actor who performed it.' " *Id.*

Plaintiff's claims against the Mr. Enright appear to arise directly out of his roles as a prosecutor and therefore fall squarely within the doctrine of prosecutorial immunity.

Plaintiff must show the Court how Mr. Enright acted outside his quasi-judicial capacity as a prosecutor (i.e., as an "advocate 'in initiating a prosecution and in

ORDER TO SHOW CAUSE - 3

presenting the State's case'"). In addition, plaintiff's request for relief includes a request that Mr. Enright should be disbarred from practicing law, prosecuted and "serve federal time". This Court would not have jurisdiction under Section 1983 or the Americans with Disabilities Act to award that type of relief.

## CONCLUSION

Due to the deficiencies described above, the Court will not serve the complaint at this time. Accordingly, plaintiff is ordered, on or before **November 7, 2022**, to show cause as to why this Court should not recommend this case be dismissed. If plaintiff fails to timely respond to this Order to Show Cause, the undersigned will recommend that plaintiff's IFP application be denied.

Dated this 18th day of October, 2022.

Theresa L. Fricke
United States Magistrate Judge

ORDER TO SHOW CAUSE - 4